```
UNITED STATES DISTRICT COURT                                   FILED
EASTERN DISTRICT OF NEW YORK                               IN CLERK'S OFFICE
                                                       U.S. DISTRICT COURT
                                                        ★ FEB 1 3 2009
```

BROOKLYN

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-76 |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| GINO CRACOLICI, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On August 1, 2008, Gino Cracolici pled guilty to count seventeen of a forty-count eleventh superseding information, which charged that between January 1, 2006 and March 17, 2006, the defendant, together with others, conspired to extort John Doe #4 by obtaining money from John Doe #4 through consent to be induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a).

Cracolici was sentenced on December 24, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be ten and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between six and twelve months. The offense carried a maximum term of imprisonment of 20 years. See 18 U.S.C. § 1951(a). The guidelines range of fine was from $2,000 to $20,000. The open charges against the defendant were dismissed upon motion by the government.

Cracolici was sentenced to three years probation and a fine of $3,000, payable within one year without interest. A $100 special assessment was imposed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant has served in the

2

National Guard and has no prior criminal history. Because of the defendant's history of claustrophobia and medical problems, a sentence that does not include incarceration is appropriate and sufficient. A sentence of three years probation and a fine of $3,000 reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that involvement in organized crime will result in a substantial penalty. Specific deterrence is not required here. It is unlikely that this defendant will engage in further criminal activity in light of his circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: January 16, 2009
Brooklyn, New York